## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JARIUS MCGEE,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  2:16-cv-00896-RDP** |
| } | |
| **CITY OF BIRMINGHAM, et al.,** } | |
| } | |
| **Defendants.** } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendants' Motion for Summary Judgment.  (Doc. #
23).  Plaintiff has responded to the summary judgment motion (Docs. # 27 & 28), and the motion
is under submission.  After careful review, and for the reasons explained below, Defendants'
Motion for Summary Judgment is due to be granted in part.  Defendants are due to be granted
summary judgment on Plaintiff's federal-law claims, but Plaintiff's state-law claims are due to
be remanded to state court for further proceedings.

## I.      Factual Summary and Procedural Background[1]

On May 9, 2014, officers arrested Plaintiff for a municipal court violation and detained
him in the Birmingham City Jail.  (Doc. # 27-1).  On May 11, 2014, Plaintiff suffered a spider
bite while detained in the jail.  (*Id.*).  Plaintiff told unidentified jail employees that a poisonous
spider had bitten him and that his leg was "visibly swollen and red."  (*Id.*).  Plaintiff asked jail

---

[1]    The facts set out in this opinion are gleaned from the parties' submissions and the court's own
examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the
non-moving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These
are the "facts" for summary judgment purposes only.  They may not be the actual facts that could be established
through live testimony at trial.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th
Cir. 1994).

employees to transport him to a hospital, but the employees refused to do so because "they had enough people in the hospital." (*Id.*). Plaintiff received an unidentified medication at the jail for the bite, but the medication caused an allergic reaction and did not alleviate Plaintiff's symptoms. (Doc. # 24-3).

On May 13, 2014, Plaintiff went to a municipal court for a hearing and showed his injury to a municipal court judge. (Doc. # 27-1). That judge ordered Plaintiff's release from the jail at 1:30 to 2:00 p.m. (*Id.*). Nevertheless, Plaintiff was not released from the jail until the morning of January 14, 2014. (*Id.*). Thereafter, he obtained medical treatment at St. Vincent's Hospital for cellulitis and a staph infection. (Doc. # 24-3). The costs for Plaintiff's medical care from this incident totaled more than $28,000. (Doc. # 27-1).

In September 2014, Plaintiff filed a claim affidavit with the City of Birmingham regarding the treatment of his spider bite. (Doc. # 24-3). He complained that the jail's employees denied him access to hospital care, and he described the conditions he suffered following the spider bite. (*Id.*).

In May 2016, Plaintiff filed this suit in the Circuit Court of Jefferson County, Alabama against the current Defendants, A.C. Roper (the City of Birmingham's Chief of Police), and fictitious party defendants. (*See* Doc. # 1-1). Plaintiff raised claims for assault and battery, negligent supervision, inadequate training, and deliberate indifference. (*See id.* at ¶¶ 11-24). Plaintiff brought this action under 42 U.S.C. § 1983 and Alabama state law, but the Complaint fails to specify which claims are brought under federal law and which are brought under state law. (*See generally* Doc. # 1-1). Moreover, Plaintiff has not specified whether the § 1983 claims against Defendant Kathie Davis are brought in her official capacity or her individual capacity, although he requests compensatory and punitive damages from her in her individual

capacity.[2]  (*See id.* at p. 6).  Defendants removed the suit to this court based on the court's federal question jurisdiction over the § 1983 claims.  (*See* Doc. # 1 at 2).  By agreement, the court dismissed Plaintiff's claims against A.C. Roper with prejudice.  (*See* Docs. # 10-11).

## II.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial.  *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("*Anderson*").  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  If

_____

[2] Because a § 1983 action against a municipal officer in her official capacity is essentially a suit against the municipality, and the municipality is a party to this action, the court will analyze Plaintiff's § 1983 claims against Defendant Davis as individual-capacity claims.

3

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999)

("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## III.    Analysis

For the reasons explained below, the court concludes that Defendants are entitled to summary judgment on the federal-law claims in this action.  The state-law claims are due to be remanded to state court.

### A.    The Rule 56 Record Presents No Evidence of a *Monell* Policy Attributable to the City of Birmingham that Caused the Alleged Constitutional Injury

In his Complaint, Plaintiff charges that Defendant City of Birmingham is liable for the constitutionally inadequate medical care he received because the City failed to implement appropriate policies for jail medical care, inadequately trained and supervised jail employees, failed to investigate complaints regarding the jail's condition and the inadequate medical care offered there, and failed to discipline officers.  (Doc. # 1-1 at ¶ 21).  Defendants argue that there is no Rule 56 evidence of a City policy or custom that caused the alleged indifference to Plaintiff's medical needs.  (Doc. # 24 at 21).  After careful review of the briefs and the Rule 56 record, the court agrees.

It is axiomatic that a municipality, such as the City, is only liable under § 1983 when a municipal employee or agent undertakes an action in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Id.* at 690.  Accordingly, to hold a municipality liable, a plaintiff "must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the

constitutional violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). A plaintiff may establish the existence of a municipal "policy" by identifying "(1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the [municipality] shown through the repeated acts of a final policymaker." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). For obvious reasons, Plaintiff has not presented any facts or arguments relating to a formal policy adopted by the City of providing constitutionally inadequate medical care or jail conditions to inmates. Therefore, the court proceeds to determine whether the record presents substantial evidence of an unofficial custom or practice.

In his opposition brief, Plaintiff argues that the § 1983 municipal liability claim against the City is premised on inadequate training and supervision of officers. (Doc. # 28 at 8). But this argument misses the mark. "A municipality's failure to correct the constitutionally offensive actions of its police department may rise to the level of a 'custom or policy' if the municipality tacitly authorizes these actions or displays deliberate indifference towards the police misconduct." *Church v. City of Huntsville*, 30 F.3d 1332, 1345 (11th Cir. 1994) (quoting *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987)). "[T]o prove the existence of [a] purported policy or custom of deliberate indifference by the City, Plaintiff must show that the City had notice of a need to adequately train or supervise police officers but purposefully did nothing." *Dial v. City of Bessemer*, 2016 WL 3054728, at *5 (N.D. Ala. May 31, 2016). "[W]ithout notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998). A municipality may be placed on notice of a need for additional training or supervision if it is aware of a pattern of constitutional violations or if the likelihood of a constitutional violation

is so high that it is obvious additional training or supervision is needed. *Barr v. Gee*, 437 F. App'x 865, 874 (11th Cir. 2011) (citing *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009)).

Here, the City of Birmingham is entitled to summary judgment on the § 1983 claims against it because there is no substantial evidence of a *Monell* custom or policy that caused the alleged deliberate indifference towards Plaintiff's medical needs or the alleged indifference towards dangerous jail conditions. Plaintiff has not provided any evidence of a similar incident that would have placed City officials on notice of the need for additional training or supervision. (*See generally* Doc. # 27-1) (mentioning only Plaintiff's spider bite incident and the subsequent conduct of jail employees). *See also Barr*, 437 F. App'x at 874. Plaintiff also offers no evidence or argument for why additional training or supervision was obviously necessary. (*See* Doc. # 28 at 8-10). *See also Barr*, 437 F. App'x at 874. Indeed, Defendant Davis, a former chief at the jail, has averred that the jail keeps a nurse on call 24 hours a day to provide medical treatment, hospital care is provided in emergencies, and a grievance procedure is available if a prisoner believes he or she is not receiving adequate medical care.[3] (Doc. # 24-2 at 2). Ultimately, the court concludes that Plaintiff's only support for his *Monell* claim against the City is "evidence" about the allegedly inadequate care he received during his detainment in May 2014. But a single alleged constitutional violation, in isolation, is inadequate to support an inference of an official custom or policy tolerating such constitutional violations. *Barr*, 437 F. App'x at 875. Because no substantial Rule 56 evidence supports a City custom or policy of inadequately training or supervising correctional officers, Defendant City of Birmingham is due to be granted summary judgment on all § 1983 claims against it in the Complaint.

---

[3] Moreover, Plaintiff's argument that jail officials maintained a custom or policy of deliberate indifference is undermined by his own statement that he received medication at the jail. (*See* Doc. # 24-3) (mentioning that the medication caused an allergic reaction and failed to alleviate Plaintiff's condition).

**B.** **Defendant Davis is Entitled to Qualified Immunity for the Individual Capacity § 1983 Claims Against Her**

In his Complaint, Plaintiff raises the same negligent training and supervision claims against Defendant Davis as he raises against the City. (Doc. # 1-1 at ¶ 21). Plaintiff's Complaint does not clearly indicate whether Davis personally failed to provide a safe environment or personally denied him access to medical care. (*See id.* at ¶ 23) (alleging that "Defendant Officers and fictitious Party defendants" committed the constitutional violations presented in the Complaint). Davis denies receiving a grievance from Plaintiff regarding conditions at the jail or his medical treatment. (Doc. # 23-3 at 3). In the summary judgment motion, Davis invokes qualified immunity.

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether a defendant is entitled to qualified immunity is determined by engaging in a three-step analysis. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1136-37 (11th Cir. 2007). The initial burden is on an official claiming qualified immunity to establish that he or she was acting within his or her discretionary authority. *Id.* Here, Plaintiff has not disputed Defendant Davis's assertion that she acted within her discretionary authority as chief of the Jail. (Docs. # 24 at 24-25; 28 at 10-11).

Once the discretionary-authority showing is made, the burden shifts to a plaintiff to show that the "defendant's conduct violated a statutory or constitutional right." *Skop*, 485 F.3d at 1137. Finally, "the plaintiff must show that the violation was 'clearly established.'" *Id.*; *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th Cir. 2003) ("When case law is needed to 'clearly establish' the law applicable to the pertinent circumstances, we look to decisions of

the U.S. Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state.") (citing *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1032-33 n. 10 (11th Cir. 2001) (en banc)). "There are three ways in which [a plaintiff] may show that the right violated was clearly established: '(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.'" *Perez v. Suszcynski*, 809 F.3d 1213, 1222 (11th Cir. 2016) (quoting *Lewis*, 561 F.3d at 1291-92). If a defendant can establish that she is entitled to qualified immunity, then the federal, individual capacity claims will be dismissed. *See Randall v. Scott*, 610 F.3d 701, 714 (11th Cir. 2010).

A pretrial detainee such as Plaintiff must show three elements to prove a deliberate indifference claim under the Fourteenth Amendment's Due Process Clause. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). First, the detainee must establish that he or she had a serious medical need. *Id.* Second, the detainee must show that the official defendant "acted with deliberate indifference" to the medical need. *Id.* Finally, the detainee must prove that the wrongful conduct caused his or her injury. *Id.* To prove a defendant's deliberate indifference, a plaintiff is required to show the defendant's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* at 1326-27 (internal quotation mark omitted) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)).

As an initial matter, to the extent Plaintiff alleges Davis personally violated his constitutional rights by her indifference to his serious medical needs, Davis is entitled to qualified immunity and summary judgment on that claim because nothing in the Rule 56 record

shows that she subjectively knew of the spider bite. In her affidavit testimony, Davis avers that she received no complaints about Plaintiff's spider bite or his medical treatment while he was incarcerated. (Doc. # 24-2 at 3). Plaintiff has not testified that he reported the spider bite to Davis or that he asked Davis for additional medical care. (*See* Doc. # 27-1). The Rule 56 record contains no evidence that Davis subjectively knew of the risk of serious harm to Plaintiff from the spider bite. Therefore, Plaintiff has not presented substantial evidence that Davis violated his constitutional rights by disregarding a known risk of serious harm to him, and Davis is due to be granted qualified immunity and summary judgment for any § 1983 claim premised on her personal deliberate indifference. *See Goebert*, 510 F.3d at 1326.

Likewise, Plaintiff's supervisory liability § 1983 claims against Davis in her individual capacity fail as a matter of law. As stated above, Plaintiff has not pointed to any formal policy here that violated his constitutional rights. Thus, his supervisory liability claims rest on Davis's implementation of facially constitutional policies, and, accordingly, he must demonstrate that Davis "had actual or constructive notice of a flagrant, persistent pattern of violations." *Goodman v. Kimbrough*, 718 F.3d 1325, 1335 (11th Cir. 2013) (quoting *Goebert*, 510 F.3d at 1332). The Rule 56 record includes no evidence of a pattern of violations, as Plaintiff's affidavit only discusses the incident at issue in this case. (*See* Doc. # 27-1). Therefore, Plaintiff's supervisory liability § 1983 claims fail as a matter of law, and Davis is due to be granted summary judgment on those claims. *See Goodman*, 718 F.3d at 1335-36.

### C. The Court Declines to Continue Exercising Supplemental Jurisdiction Over Plaintiff's State-Law Causes of Action

Defendants removed this action from state court to federal court on the sole basis of federal question jurisdiction. (Doc. # 1 at 2). Under 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties

of the United States." Because Defendants are entitled to summary judgment for the § 1983 claims, no federal-law claim remains in this action. Moreover, diversity jurisdiction is inapplicable because the City, an Alabama citizen, is non-diverse to Plaintiff, an Alabama citizen. Therefore, the court must decide whether it is appropriate to retain supplemental jurisdiction over Plaintiff's state-law claims.

The court has discretion to decline supplemental jurisdiction over state-law claims once all claims over which the court had original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3). In exercising its discretion, the court considers "concerns of comity, judicial economy, convenience, fairness, and the like." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (internal quotation marks omitted) (quoting *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999)). The Eleventh Circuit has encouraged district courts to decline supplemental jurisdiction when federal-law claims are dismissed prior to trial. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Because this case was originally filed in state court and removed to this court, the court must remand the state-law claims if it declines to exercise supplemental jurisdiction over them. *Lewis*, 260 F.3d at 1267.

Here, the court finds that it is appropriate to not exercise supplemental jurisdiction over the remaining claims. The court is guided by the Eleventh Circuit's encouragement to decline supplemental jurisdiction when federal-law claims are dismissed before trial. *Raney*, 370 F.3d at 1089. Moreover, the court recognizes that "[s]tate courts, not federal courts, should be the final arbiters of state law." *Flippo v. Am. Power Source, Inc.*, 20 F. Supp. 3d 1299, 1319 (N.D. Ala. 2014) (citing *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992)). Alabama courts frequently handle tort claims against municipalities and peace officers. Although the outcome of this issue is not controlled by the comity doctrine, the court's ruling is

certainly consistent with principles of comity. Accordingly, the court declines to continue exercising supplemental jurisdiction over the state-law claims and concludes that they are due to be remanded to state court. *Lewis*, 260 F.3d at 1267.

## IV. Conclusion

For the reasons explained above, the court concludes that Defendants' Motion for Summary Judgment (Doc. # 23) is due to be granted in part. Plaintiff's federal-law claims are due to be dismissed with prejudice, and his state-law claims are due to be remanded to the Circuit Court of Jefferson County, Alabama. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this January 17, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE